**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

ANDREA CONDA,

        Plaintiff,

v.                                        Case No. 8:20-cv-2406-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

        Defendant.
_____/

## **OPINION AND ORDER**[2]

### **I.  Status**

Andrea Conda ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of epilepsy, migraines, stenosis in her neck, seizures, cardiac issues, nerve damage in her left arm, having had a mini stroke, hormone disorder, syncope, an enlarged liver, and "[h]ypertensive

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 12), filed April 29, 2021; Reference Order (Doc. No. 15), entered May 3, 2021.

crisis." Transcript of Administrative Proceedings (Doc. No. 13; "Tr." or "administrative transcript"), filed April 29, 2021, at 134, 147, 162, 176, 290.

On May 9, 2017, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of September 15, 2016.[3] Tr. at 159-60, 278-79. The applications were denied initially, Tr. at 146-58, 159, 193-95, 200 (DIB); Tr. at 133-45, 160, 196, 197-99 (SSI), and upon reconsideration, Tr. at 161-74, 189, 204, 205-10 (DIB); Tr. at 175-88, 190, 211, 212-17 (SSI).

On April 25, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which he heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 108-32. At the time of the hearing, Plaintiff was fifty-three (53) years old. Tr. at 112. Following the hearing, the ALJ provided to the VE vocational interrogatories, which the VE completed and returned on September 6, 2019. Tr. at 402-06, 411-14. On January 29, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 24-35.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional medical evidence and a letter from Plaintiff's mother. Tr. at 2, 5-6 (Appeals Council exhibit list and orders), 8-15, 42-107

---

[3] The DIB application was actually completed on May 10, 2017. See Tr. at 278. The undersigned has not located the SSI application in the administrative transcript. The protective filing date for both applications is listed in the administrative transcript as May 9, 2017. See, e.g., Tr. at 134, 147, 159-60, 162, 176.

2

(medical evidence), 273-77 (request for review), 385-88 (letter). On August 14, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, making the ALJ's Decision the final decision of the Commissioner. On October 14, 2020, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred by: 1) finding unpersuasive the opinion of Plaintiff's treating provider, Jennifer Teeters, P.A.; and 2) failing to offer sufficient justification for rejecting Plaintiff's testimony about how her symptoms affect her. Plaintiff's Memorandum of Law (Doc. No. 16; "Pl.'s Mem."), filed June 24, 2021, at 1; see id. at 16-23. On August 19, 2021, Defendant filed a Memorandum in Support of the Commissioner's Decision and Response to Plaintiff's Memorandum (Doc. No. 18; "Def.'s Mem.").

After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Ms. Teeters' opinion. Because the matter is being remanded for this reason and the SSA on remand may re-evaluate Plaintiff's subjective complaints about how she is affected by her impairments, the Court need not address the remaining argument. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be

reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 27-35. At step one,

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 15, 2016, the alleged onset date." Tr. at 27 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: unspecified depressive disorder, spondylosis, post laminectomy syndrome, cervicalgia, chronic pain syndrome, seizure disorder/syncope/epilepsy, cardiac arrhythmias, radiculopathy, lumbago, osteoarthritis, degenerative disc disease, disc protrusion, and stenosis." Tr. at 27 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 27 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except [Plaintiff] can lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour day; and sit for 6 hours in an 8-hour day. [Plaintiff] can occasionally push and/or pull with the upper extremities and reach above shoulder level with both arms. [Plaintiff] can frequently reach waist to chest with both arms. [Plaintiff] can constantly handle with both hands, finger with both hands, and feel with both hands. [Plaintiff] can frequently climb ramps and stairs, balance, and kneel. [Plaintiff] can occasionally stoop, crouch, and crawl. [Plaintiff] cannot climb ladders and scaffolds; and cannot work around high, exposed places. [Plaintiff] can occasionally work around pulmonary irritants. [Plaintiff] is able to perform simple, routine, and repetitive tasks; and [she is] able to understand, remember, and carry out simple instructions.

5

> [Plaintiff] is limited to work that requires occasional changes in the work setting. [Plaintiff] is limited to work that requires occasional interaction with the public, coworkers, and supervisors. [Plaintiff] is unable to meet fast paced, high production demands.

Tr. at 29-30 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as "a consultant." Tr. at 33 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 34-35. After considering Plaintiff's age ("50 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's responses to the interrogatories and found that "there are other jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Office Helper," "Mail Clerk," and "Marker." Tr. at 34 (some emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from September 15, 2016, through the date of th[e D]ecision." Tr. at 35 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir.

2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting

7

the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her DIB and SSI applications after that date, the undersigned applies the revised rules and Regulations.

Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources" to include licensed physician assistants for the impairments within his or her licensed scope of practice). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20

C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[5]

Here, Plaintiff's treating physicians assistant, Ms. Teeters, followed Plaintiff for a variety of issues including Plaintiff's migraine headaches and syncopal episodes. See Tr. at 797-98, 793-94, 1067-69. Ms. Teeters completed a Medical Opinion Form (physical) on March 5, 2018, Tr. at 1160-62, in which she stated her opinions on the form about Plaintiff's functional limitations were a result of Plaintiff having "frequent syncopal episodes causing possible falls," and Plaintiff's "history of epilepsy." Tr. at 1160 (some capitalization omitted). As to functional limitations, Ms. Teeters opined in pertinent part as follows. Plaintiff can sit for 1 hour total per day (30 minutes at a time) and stand/walk

---

[5] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

9

15 minutes at a time; Plaintiff can frequently lift 1-10 pounds, infrequently lift 11-20 pounds, but never more than that; Plaintiff needs 3-4 hours of bedrest per "normal workday"; Plaintiff will need to rest more than the normal breaks permitted; Plaintiff's subjective complaints are reasonable; Plaintiff's pain, fatigue, and other limitations are likely to interfere with her reliably attending work; her pain is moderately severe; her condition will cause lapses in concentration or memory on a regular basis for several hours 3 or more days a week; Plaintiff can occasionally perform fine manipulation and frequently type, write, and grasp small objects; and Plaintiff has a reasonable medical need to be absent on a chronic basis (more than 4 times per month). Tr. at 1160-62.

In the Decision, the ALJ summarized parts of Ms. Teeters' opinion and found it overall to be "unpersuasive." Tr. at 33. As support for the finding, the ALJ wrote that "physical examinations from this time noted that while [Plaintiff] did have some reduction in lumbar range of motion, she continued to have normal gait with no abnormalities of the upper and lower extremities bilaterally." Tr. at 33.

Plaintiff argues the ALJ erred in evaluating the opinion of Ms. Teeters because "Ms. Teeters did not base her opinion on Plaintiff's gait or on musculoskeletal findings" but on "Plaintiff's frequent syncopal episodes and on her history of seizures" which are "well documented throughout the administrative record." Pl.'s Mem. at 17; see id. at 18-19. Responding,

10

Defendant contends the ALJ complied with the Regulations, and substantial evidence supports the ALJ's findings about Plaintiff's lumbar range of motion, gait, and upper and lower extremities. Def.'s Mem. at 8-9. As to Plaintiff's contention that Ms. Teeters' opinion did not concern these matters, Defendant states that Ms. Teeter referred Plaintiff to specialists for the syncope and migraines, and Ms. Teeter did not explain how these conditions support the significant limitations assigned. Id. at 9-10.

The undersigned finds the ALJ erred in evaluating Ms. Teeters' opinion. The ALJ's observations that Plaintiff had reduction in her lumbar range of motion but normal gait and no abnormalities of the upper and lower extremities do not shed any light on the consistency or supportability of Ms. Teeters' opinion as to Plaintiff's functioning as a result of syncope and migraines. Ms. Teeters specifically noted that her opinion was based upon these conditions (and no others), so it is difficult to determine how the ALJ was convinced that Plaintiff's physical examination findings somehow undermine Ms. Teeters' opinion of Plaintiff's level of functioning. The ALJ did not explain the reasons for the reliance on Plaintiff's physical examination findings, and they are not apparent. To the extent Defendant attempts to justify the lack of explanation by the ALJ with observing that Plaintiff saw specialists for the syncope and migraine issues and arguing that Ms. Teeters' assigned limitations are not explained by Ms. Teeters, the post-hac justification cannot be substituted for the ALJ's duty in

11

the first instance. The bottom line is that the ALJ was required to explain how he evaluated the most important factors of supportability and consistency, see 20 C.F.R. § 404.1520c(b)(2), but the ALJ failed to sufficiently do so. Remand for further consideration and explanation is required.

## V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

> (A) Re-evaluate Ms. Teeters' opinion consistent with the revised Regulations for evaluating medical evidence;
>
> (B) Consider Plaintiff's other argument on appeal if appropriate; and
>
> (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set

forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on March 30, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record